# UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF OHIO
### EASTERN DIVISION

| | | |
|---|---|---|
| MOHAMED ALDEMUR, | ) | Case No. 1:25-cv-398 |
| | ) | |
| Plaintiff, | ) | Judge J. Philip Calabrese |
| | ) | |
| v. | ) | Magistrate Judge |
| | ) | James E. Grimes, Jr. |
| CITY OF CLEVELAND, *et al.*, | ) | |
| | ) | |
| Defendants. | ) | |
| | ) | |

## OPINION AND ORDER

Plaintiff Mohamad Aldemur filed suit without a lawyer against the Cleveland City Prosecutor's Office; Aqueelah Jordan, the chief prosecutor for the City of Cleveland, and the City of Cleveland. Defendants move for judgment on the pleadings. For the reasons that follow, the Court **GRANTS** the motion and **DECLINES** to exercise supplemental jurisdiction over all State claims against the City of Cleveland.

## STATEMENT OF FACTS

Taking the facts alleged in the complaint as true and construing them in Plaintiff's favor, as the Court must in the current procedural posture, the complaint alleges the following facts.

On July 15, 2024, Mohamad Aldemur met with an investigator from the City of Cleveland's prosecutor's office to present evidence of alleged ongoing abuse by two women. (ECF No. 1, ¶ 1, PageID #1.) Mr. Aldemur includes records that he contends corroborate his claims, including police reports, video footage, and thirteen witness

statements.  (*Id.*, ¶ 2, PageID #1.)  Mr. Aldemur alleges that Ms. Jordan, the City's chief prosecutor, dismissed his complaint without a thorough investigation.  (*Id.*, ¶ 3, PageID #1.)  After conducting an interview with the two women, Mr. Aldemur alleges that Ms. Jordan demonstrated "favoritism and bias by giving more weight to their statements."  (*Id.*, ¶ 4, PageID #1.)  About a month later, Mr. Aldemur was charged with twelve criminal counts.  (*Id.*, ¶ 5, PageID #1.)  He alleges that the charges are baseless and that the grand jury relied on "manipulated facts and false narratives" from Ms. Jordan.  (*Id.*, ¶ 6, PageID #2.)

Additionally, during a "direct encounter" with Ms. Jordan, Mr. Aldemur alleges that she made a racially discriminatory remark toward him and that he was forcibly removed from the prosecutor's office and denied the opportunity to submit additional evidence.  (*Id.*, ¶¶ 7, 8, PageID #2.)  Mr. Aldemur alleges that these actions were retaliatory.  (*Id.*, ¶ 9, PageID #2.)  As a result, Mr. Aldemur alleges that he suffered emotional distress, financial hardship, reputational damage, and loss of parental rights.  (*Id.*, ¶ 10, PageID #2.)

## STATEMENT OF THE CASE

Plaintiff filed suit against the City of Cleveland's prosecutor's office, Ms. Jordan, and the City of Cleveland for malicious prosecution, abuse of power, due process violations, racial discrimination, and defamation and reputational harm. (*Id.*, PageID #2.)  He seeks compensatory damages of $15,000,000, punitive damages, legal fees and costs, a formal investigation into the Chief Prosecutor, and dismissal of "all false criminal charges" filed against him.  (*Id.*)  Defendants filed an amended

answer (ECF No. 18) and moved for judgment on the pleadings.  (ECF No. 12.)
Plaintiff did oppose the motion.

On September 30, 2025, Mr. Aldemur went to trial on the underlying criminal
charges and was found guilty on nine of the twelve counts.  *State of Ohio v. Aldemur*,
Cuyahoga C.P. No. CR-24-694938-A (Oct. 1, 2025).  He was sentenced to 47 months
at Lorain Correctional Institution.  *State of Ohio v. Aldemur*, Cuyahoga C.P. No. 24-
694938 (Oct. 7, 2025).

## ANALYSIS

"After the pleadings are closed—but early enough not to delay trial—a party
may move for judgment on the pleadings."  Fed. R. Civ. P. 12(c).  A motion for
judgment on the pleadings essentially constitutes a delayed motion under Rule
12(b)(6) and is evaluated under the same standard.  *See, e.g., Holland v. FCA US
LLC*, 656 F. App'x 232, 236 (6th Cir. 2016).  In other words, judgment on the pleadings
is appropriate where, construing the material allegations of the pleadings and all
reasonable inferences in the light most favorable to the non-moving party, the Court
concludes that the moving party is entitled to judgment as a matter of law.  *Anders
v. Cuevas*, 984 F.3d 1166, 1174 (6th Cir. 2021).  In construing the pleadings, the Court
accepts the factual allegations of the non-movant as true, but not unwarranted
inferences or legal conclusions.  *Holland*, 656 F. App'x at 236–37 (citing *Gregory v.
Shelby Cnty.*, 220 F.3d 433, 446 (6th Cir. 2000)).

Plaintiff's complaint contains five claims:  malicious prosecution under
42 U.S.C. § 1983 (Claim 1); "abuse of power and retaliation" (Claim 2); due process
violations under the Fifth and Fourteenth Amendments (Claim 3); racial

3

discrimination under the Civil Rights Act of 1964 and the Fourteenth Amendment (Claim 4); and "defamation and reputational harm" (Claim 5).  (ECF No. 1, PageID #2.)

Defendants argue in their motion for judgment on the pleadings that it is unclear which claims Plaintiff brings against which Defendants.  They interpret the complaint as asserting Claims 1, 2, 3, and 5 against the prosecutor's office and the City of Cleveland and all claims against Ms. Jordan.   The Court declines to adopt this approach.  Instead, the Court reads the complaint as asserting all five claims against all three Defendants.

Also, Defendants argue that it is unclear whether Plaintiff proceeds under federal or State law in his first, second, and fifth claims.  The Court reads the complaint as bringing Claim 1 (malicious prosecution under Section 1983), Claim 3 (due process), and Claim 4 (racial discrimination and Fourteenth Amendment) under federal law, and Claim 2 (abuse of power and retaliation) and Claim 5 (defamation) under State law.

## I.     Plaintiff's Claims against the City Prosecutor's Office

The Court reads the complaint as bringing each claim against the City Prosecutor's Office.  Under federal and Ohio law, a city prosecutor's office cannot sue or be sued.  "Ohio courts have consistently held that departments or agencies of cities, townships, or counties are not sui juris, meaning they cannot be sued in their own right." *Jones v. Mahoning Cnty. Child Support Enforcement Agency*, No. 25-3166, 2025 U.S. App. LEXIS 26180, at *8 (6th Cir. Oct. 7, 2025); *see also Rieger v. Marsh*, 2011-Ohio-6608, ¶¶ 18–19 (Ohio Ct. App.) (affirming that a city prosecutor's office is

4

a "department of a political subdivision—the city" and, therefore, is "not sui juris" and "not capable of being sued in their own right.").  The Cleveland City Prosecutor's Office is a department of the City of Cleveland and cannot be sued in its own name. Accordingly, the Court **GRANTS** Defendants' motion on all federal and State claims against the City Prosecutor's Office.

## II.     Plaintiff's Claims against the Chief Prosecutor

Plaintiff brings Claims 1–5 against Ms. Jordan as the City's chief prosecutor.

### II.A.   Eleventh Amendment

Absent waiver by the State or valid congressional override, the Eleventh Amendment "bars all suits, whether for injunctive, declaratory or monetary relief, against the state and its departments" and "also bars suits for monetary relief against state officials sued in their official capacity." *Thiokol Corp. vs. Michigan Dep't. of Treasury, Revenue Div.*, 987 F.2d 376, 381 (6th Cir. 1993) (citing *Pennhurst State Sch. & Hosp. v. Halderman*, 465 U.S. 89, 100-01 (1984); *Ex Parte Young*, 209 U.S. 123 (1908)).

This bar applies where State officials are sued for damages in their official capacity. *Cory v. White*, 457 U.S. 85, 90 (1982); *Edelman v. Jordan*, 415 U.S. 651, 663 (1974).  A judgment against a public servant in her official capacity imposes liability on the entity that she represents. *Brandon v. Holt*, 469 U.S. 464, 471 (1985). When prosecuting violations of Ohio law, city prosecutors function as State agents, and an official-capacity suit against them constitutes a suit against the State. *Pusey v. City of Youngstown*, 11 F.3d 652, 657–658 (6th Cir. 1993) (holding that a city prosecutor acted on behalf of the State where she prosecuted State criminal charges).

5

Here, Ms. Jordan prosecuted Plaintiff for violations of Ohio law and, in this role, she functioned as an agent of the State. Accordingly, the Eleventh Amendment bars Plaintiff's official-capacity claims against Ms. Jordan.

## II.B.  Absolute Immunity

"[A]bsolute immunity appl[ies] with full force" to a prosecutor's conduct that is "intimately associated with the judicial phase of the criminal process," including "initiating a prosecution and in presenting the State's case." *Imbler v. Pachtman*, 424 U.S 409, 430–31 (1976) (establishing a "functional" approach to evaluate when absolute immunity applies that focuses on a prosecutor's activities rather than presuming absolute immunity solely because of her status as prosecutor). Absolute immunity applies to a prosecutor's conduct in her "role as advocate for the State" but not to her conduct as administrator or investigative officer. *Buckley v. Fitzsimmons*, 509 U.S. 259, 272–73 (1993) (citing *Imbler*, 424 U.S. at 430–31, and n. 33; *Burns v. Reed*, 500 U.S. 478, 494–96 (1991)).

"[T]he duties of the prosecutor in [her] role as advocate for the State involve actions preliminary to the initiation of a prosecution and actions apart from the courtroom." *Imbler*, 424 U.S. at 430–31, n.33. Those duties "must include the professional evaluation of the evidence assembled by the police and appropriate preparation for its presentation at trial or before a grand jury." *Buckley*, 509 U.S. at 273 (determining that "[t]here is a difference between the advocate's role in evaluating evidence and interviewing witnesses as [s]he prepares for trial" and "the detective's role in searching for the clues and corroboration that might give [her]

probable cause to recommend that a suspect be arrested, and that absolute immunity applies only to the former).

The Supreme Court has considered whether absolute immunity applies to various prosecutorial activities. Absolute immunity applies where a prosecutor "prepares to initiate a judicial proceeding" or "appears in court to present evidence," but absolute immunity does not apply where a prosecutor "gives advice to police during a criminal investigation," "makes statements to the press," or "acts as a complaining witness in support of a warrant application." *Van de Kamp v. Goldstein*, 555 U.S. 335, 343 (2009) (collecting cases). Absolute immunity also applies to appearances at probable cause and grand-jury hearings and to the presentation of evidence at pre-trial proceedings because these activities are "intimately associated with the juridical phase." *Koubriti v. Convertino*, 593 F.3d 459, 467 (6th Cir. 2010) (quoting *Imbler*, 424 U.S at 430–31).

Here, Ms. Jordan's actions at issue fall squarely within her role as advocate for the State. Even accepting Plaintiff's factual allegations as true, Plaintiff complains about Ms. Jordan's evaluation of the evidence, her decision to bring certain charges and refusal to press others, and her presentation of the State's case to the grand jury. (ECF No. 1, ¶¶ 3–6, PageID 1–2.) Because these activities are "intimately associated with the judicial phase of the criminal process," absolute immunity applies to them. *Koubriti*, 593 F.3d at 467. Accordingly, Ms. Jordan as the City's chief prosecutor enjoys absolute immunity against Plaintiff's claims.

\*      \*      \*

Therefore, the Court **GRANTS** Defendants' motion regarding all claims against Ms. Jordan.

### III. Plaintiff's Claims against the City of Cleveland

### III.A. Claims under Federal Law (Claims 1, 3, and 4)

A municipality "may not be sued under § 1983 for an injury inflicted solely by its employees or agents." *Monell v. Department of Soc. Servs. of N.Y.*, 436 U.S. 658, 694 (2018). "Instead, it is when execution of a government's policy or custom, whether made by its lawmakers or by those whose edicts or acts may fairly be said to represent official policy, inflicts the injury that the government as an entity is responsible under § 1983." *Id.* "There can be no liability under *Monell* without an underlying constitutional violation." *Robertson v. Lucas*, 753 F.3d 606, 622 (6th Cir. 2014). The "conclusion that no officer-defendant has deprived the plaintiff of any constitutional right *a fortiori* defeats a claim against the government entity as well." *Scott v. Clay Cnty.*, 205 F.3d 867, 879 (6th Cir. 2000) (citing *City of Los Angeles v. Heller*, 475 U.S. 796, 799)) (cleaned up).

Here, Plaintiff's federal claims against the City of Cleveland depend entirely on the alleged conduct of the City prosecutor's office and its chief prosecutor, Ms. Jordan. As discussed, however, Plaintiff fails to state a claim against either. Accordingly, there is no underlying constitutional violation on which to predicate *Monell* liability, defeating Plaintiff's claims for municipal liability against the City of Cleveland. *See Robertson*, 753 F.3d at 622. Therefore, the Court **GRANTS** Defendants' motion on these claims under federal law against the City of Cleveland.

8

### III.B. Claims under State Law (Claims 2 and 5)

Plaintiff asserts two claims against the City of Cleveland under State law. (ECF No. 1, PageID #2.) The Court has supplemental jurisdiction over these State-law claims pursuant to 28 U.S.C. § 1367. Under federal law "the district courts shall have supplemental jurisdiction over all other claims that are so related to claims in the action within such original jurisdiction that they form part of the same case or controversy under Article III." 28 U.S.C. § 1367(a). This grant of jurisdiction brings all claims arising from a common nucleus of operative fact before the Court. *Soehnlen v. Fleet Owners Ins. Fund*, 844 F.3d 576, 588 (6th Cir. 2016).

Even then, a court "may decline to exercise supplemental jurisdiction" in certain circumstances. 28 U.S.C. § 1367(c). Supplemental jurisdiction "is a doctrine of discretion." *United Mine Workers of America v. Gibbs*, 383 U.S. 715, 726 (1966). To determine whether to exercise supplemental jurisdiction, "a federal court should consider and weigh in each case, and at every stage of the litigation, the values of judicial economy, convenience, fairness, and comity[.]" *Carnegie-Mellon Univ. v. Cohill*, 484 U.S. 343, 350 (1988); *see also James v. Hampton*, 592 F. App'x 449, 462-63 (6th Cir. 2015) (quoting *Landefeld v. Marion Gen. Hosp., Inc.*, 994 F.2d 1178, 1882 (6th Cir. 1993)). Section 1367(c)(3) provides that a district court may decline to exercise supplemental jurisdiction where "(1) the claim raises a novel or complex issue of State law, (2) the claim substantially predominates over the claim or claims over which the district court has original jurisdiction, (3) the district court has dismissed all claims over which it has original jurisdiction, or (4) in exceptional circumstances, there are other compelling reasons for declining jurisdiction."

9

Because the Court dismisses all of Plaintiff's federal claims, the Court may, in its discretion, either retain jurisdiction over Plaintiff's State-law claims and proceed on the merits, *Carlsbad Tech., Inc. v. HIF Bio, Inc.*, 556 U.S. 635, 639-40 (2009), or decline jurisdiction and dismiss the complaint without prejudice to Plaintiff's right to pursue the remaining claims in State court. *See* 28 U.S.C. § 1367(c)(3). "[G]enerally 'when all federal claims are dismissed before trial, the balance of considerations usually will point to dismissing the state law claims." *Packard v. Farmers Ins. Co. of Columbus*, 423 F. App'x 580, 585 (6th Cir. 2011) (quoting *Musson Theatrical v. Fed. Express Corp.*, 89 F.3d 1244, 1254-55 (6th Cir. 1996)); *see also Juergensen v. Midland Funding, LLC*, No. 5:18-cv-1825, 2018 WL 5923707, at *2 (N.D. Ohio Nov. 13, 2018).

Based on its review of the record and because the case remains in its early stages, the Court declines to exercise its discretion to retain jurisdiction over Plaintiff's two State-law claims against the City of Cleveland. Therefore, the Court dismisses these claims without prejudice.

## CONCLUSION

For the foregoing reasons, the Court **GRANTS** Defendants' motion for judgment on the pleadings on all claims against the Cleveland City Prosecutor's Office and Aqueelah Jordan and on the federal claims against the City of Cleveland. The Court **DISMISSES WITHOUT PREJUDICE** Plaintiff's two State-law claims against the City of Cleveland (Claims 2 and 5).

**SO ORDERED.**

10

Dated:  October 28, 2025

J. Philip Calabrese
United States District Judge
Northern District of Ohio